IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| LaQUINTA HIGHTOWER, | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | CIVIL NO. 1:23-cv-13310 |
| VS. | ) | |
| | ) | |
| NEXTCARE MICHIGAN PROVIDERS, | ) | HON. SEAN F. COX |
| PLLC d/b/a MICHIGAN URGENT CARE, | ) | |
| | ) | |
| DEFENDANT. | ) | |
| | ) | |
| | ) | |

**PLAINTIFF'S MOTION TO COMPEL THE DEPOSITIONS OF DEFENDANT'S
CORPORATE DESIGNEE PURSUANT TO RULE 30(b)(6)**

NOW COMES Plaintiff, SUSHMA JONES, by and through her attorneys, CARLA D.
AIKENS, P.L.C., and for his Motion to Compel Rule 30(b)(6) deposition(s), states as follows:

1. Plaintiff filed her complaint against Defendant on December 29, 2023, raising claims of
   employment discrimination.

2. On March 6, 2024, this Court issued a Scheduling Order stating all discovery must be
   completed by November 6, 2024. (ECF No. 8).

3. On March 5, 2024, Plaintiff issued notice to take the 30(b)(6) deposition on April 19,
   2024. **Exhibit A, Plaintiff's First 30(b)(6) Notice**; **Exhibit B – Email Correspondence**
   at 14-15.

4. On April 2, 2024, nearly thirty days later, Defendant stated that it was not available on
   April 19, 2024 and stated that it wanted to look at dates in May/June for depositions.
   **Exhibit B** at 13.

5. On April 17, 2024, Plaintiff's counsel's office sent May dates for the deposition. *Id.* at 11.

6. On April 19, 2024, Plaintiff's counsel's office advised that one of the May dates was no longer available, but Defendant's counsel did not respond. *Id.* at 11.

7. On May 2, 2024, counsel followed up again regarding the deposition date. *Id.*

8. After corresponding on other matters and not having received a response from Defendant, on June 10, 2024, Plaintiff's counsel's office requested dates again for the deposition.

9. On June 11, 2024, Defendant's counsel stated the he would reach out to his client and advise. *Id.* at 8-9.

10. Plaintiff's counsel followed up again on June 14, 2024. *Id.* at 7-8.

11. Defendant's counsel stated again on June 19, 2024 that he would check with his client on dates. *Id.* at 7.

12. That same day, Defendant's counsel provided a date of August 7, 2024 at 12:00 pm, and Plaintiff sent a notice on June 24, 2024. *Id.* at 6.

13. On July 9, 2024, Defendant's counsel asked if Plaintiff was available for deposition on September 3, 2024. *Id.* at 5-6.

14. On July 25, 2024, Defendant's counsel sent a notice for Plaintiff and stated for the first time that it was unilaterally canceling the deposition for August 7, 2024, because it wanted to depose Plaintiff first. *Id.* at 5.

15. Defendant affirmed on July 26, 2024 that it was canceling August 7, 2024 and asked about setting Plaintiff for a date in mid-September. *Id.* at 4.

16. The parties conferred on July 31, 2024 and again on August 2, 2024 regarding Defendant changing the sequence of the depositions, wherein Defendant confirmed that it was not producing its witness. *Id.* at 2-3.

17. Plaintiff seeks an order compelling Defendant to appear for its corporate representative deposition within 14 days of the Court's entry of an order.

WHEREFORE, and pursuant to Federal Rules of Civil Procedure 26, 30 and 37, Plaintiff respectfully requests this Honorable Court to issue an order compelling Defendant to present its corporate designee for a deposition on the topics noticed, for the deposition to take place prior to Plaintiff's deposition.

Dated: August 2, 2024                    Respectfully Submitted,

/s/ Carla D. Aikens
Carla D. Aikens, (P69530)
Carla D. Aikens, P.L.C.
*Attorneys for Plaintiff*

**BRIEF IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL THE DEPOSITION OF
DEFENDANT'S CORPORATE DESIGNEE PURSUANT TO RULE 30(b)(6)**

**STATEMENT OF ISSUES PRESENTED**

**1.  Should the Court order Defendant to produce its corporate designee for deposition, to
occur prior to Plaintiff's deposition, pursuant to Fed. R. Civ. P. 26(d)(3), where Plaintiff
has been requesting this deposition for months, the date was agreed upon, and Defendant
just stated last week that it wanted to change the order of the depositions?**

> Plaintiff says "Yes."

> Defendant most likely says "No."

# TABLE OF AUTHORITIES

**Cases**

*Brazos River Auth. v. GE Ionics, Inc.*, 469 F.3d 416, 433 (5th Cir. 2006) 1
*Freeland v. Amigo*, 103 F.3d 1271 (6th Cir. 1997) 10

**Rules**

Fed. R Civ. P. 37(b)(1) 7
Fed. R. Civ. P. 16(b)(3)(B) 7
Fed. R. Civ. P. 30(b)(1) 5
Fed. R. Civ. P. 30(b)(6) 5, 6
Fed. R. Civ. P. 37 6
Fed. R. Civ. P. 37 (a)(4)(A) 7
Fed. R. Civ. P. 37(b) 6

## STATEMENT OF FACTS

Plaintiff relies upon the facts as set forth *supra* in paragraphs 1-27 of the attached motion.

## LAW AND ARGUMENT

Fed. R. Civ. P. 30(b)(6) states that the "named organization must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf; and it may set out the matters on which each person designated will testify." Fed. R. Civ. P. 30(b)(6) also states that the parties must confer in good faith about the matters of the deposition.

Further, Fed. R. Civ. P. 26(d)(3) provides:

> (3) Sequence. Unless the parties stipulate or the court orders otherwise for the parties' and witnesses' convenience and in the interests of justice:
>
> > (A) methods of discovery may be used in any sequence; and
> >
> > (B) discovery by one party does not require any other party to delay its discovery.

Citing this rule, judges within this district have generally stated that the prior-noticed deposition proceeds first. *See, e.g.,* **Exhibit C – Text-Only Order of Magistrate Judge Elizabeth Stafford**, dated July 19, 2022 (citing Rule 26(d)(3) and *Doe 1 v. Orchard Lake Sch*., No. CV 20-13287, 2021 WL 5711101, at *2 (E.D. Mich. Dec. 2, 2021). Plaintiff submits that these rulings exist so as not to allow a party who has diligently sought discovery to be prejudiced by gamesmanship on the part of the opposing party.

Plaintiff noticed Defendant's 30(b)(6) corporate representative deposition in March, and Defendant waited until July 25th to state that it wanted to switch the order. Pursuant to Fed. R. Civ. P. 37, Plaintiff requests an order compelling Defendant to present its corporate designees for deposition.

Fed. R. Civ. P. 30(b)(1) provides that a party may take the deposition upon oral examination without leave of the Court, with exceptions which are not relevant to the present case. Fed. Rule Civ. Pro. 30(b)(6) provides:

> A party may name as a deponent of a private corporation or association and state that with reasonable particularity the matters of the examination. The name organization must designate or more officers, directors or managing agents who consent to testify on its behalf.

In the present case, Plaintiff complied with the Federal Rules of Civil Procedure by properly serving and noticing the deposition(s) pursuant to Rule 30(b)(6), scheduling the responsive designee(s) to appear on April 19, 2024. Defendant provided August 7, 2024 on June 19, 2024. It is now, after many months, canceling the deposition, claiming that it needs information from Plaintiff before the corporate representative can be deposed.

Fed. R. Civ. P. 37 provides that a party, upon reasonable notice, may apply for an order compelling discovery. If a discovery order is not obeyed, the rule permits a court to sanction the disobedient party. *See* Fed. R. Civ. P. 37(b). The propriety of sanctions depends on whether the failure to cooperate was due to willfulness, bad faith, or fault; whether its adversary was prejudiced by the disobedient party's failure to cooperate; whether the disobedient party was warned that failure to cooperate could result in sanctions; and whether, if involuntarily dismissal

is ordered, less drastic sanctions were first imposed or considered. *Freeland v. Amigo*, 103 F.3d 1271, 1277 (6th Cir. 1997).

Plaintiff requests that the Court order Defendant to produce its corporate representative within two weeks of the entry of an order on Plaintiff's motion and that Plaintiff be awarded costs and expenses as allowed by Fed. R. Civ. P. 37 (a)(4)(A) and 37(b)(1), for canceling the deposition and failing to produce a witness.

## RELIEF REQUESTED

WHEREFORE, and pursuant to Federal Rules of Civil Procedure 26, 30 and 37, Plaintiff respectfully requests this Honorable Court to issue an order compelling Defendant to present its corporate designee for a deposition on the topics noticed, for the deposition to take place prior to Plaintiff's deposition, and for Plaintiff to be able to appear for her deposition via Zoom.

Dated: August 6, 2024

Respectfully Submitted,

/s/ Carla D. Aikens
Carla D. Aikens, (P69530)
Carla D. Aikens, P.L.C.
*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing instrument was served upon all parties to the above cause to each of the attorneys of record herein via email on August 6, 2024.

*/s/ Katarzyna Nowicki*