UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

LAQUINTA HIGHTOWER-MATHIS,

      Plaintiff,

v

NEXTCARE MICHIGAN PROVIDERS,
PLLC d/b/a MICHIGAN URGENT CARE,

      Defendant.

Case No. 23-cv-13310

Hon. Sean F. Cox

| CARLA D. AIKENS, P.L.C. | STARR, BUTLER & STONER, PLLC |
|---|---|
| Carla D. Aikens (P69530) | Joseph A. Starr (P47253) |
| Attorneys for Plaintiff | Zachary S. Jugan (P80944) |
| 615 Griswold, Ste. 709 | Attorneys for Defendant |
| Detroit, MI 48226 | 20700 Civic Center Dr., Ste. 290 |
| (844) 835-2993 | Southfield, MI 48076 |
| carla@aikenslawfirm.com | (248) 864-4932 |
| rejanae@aikenslawfirm.com | jstarr@starrbutler.com |
| | zjugan@starrbutler.com |

### DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO COMPEL THE DEPOSITION OF DEFENDANT'S CORPORATE DESIGNEE PURSUANT TO RULE 30(b)(6)

Defendant NEXTCARE MICHIGAN PROVIDERS, PLLC d/b/a MICHIGAN URGENT CARE ("Defendant"), through its attorneys, Starr, Butler & Stoner, PLLC, states as follows for its Response to Plaintiff's Motion to Compel the Deposition of Defendant's Corporate Designee Pursuant to Rule 30(b)(6) (ECF No. 11, PageID.101-131) (hereinafter, "Plaintiff's Motion to Compel"):

{00125027.DOCX}

1.      In response to Paragraph 1 of Plaintiff's Motion to Compel, Defendant neither admits nor denies the allegations contained therein for the reason that Plaintiff's Complaint (ECF No 1, PageID.1-11) speaks for itself. Answering further, Defendant denies Plaintiff's allegations that it acted unlawfully or otherwise.

2.      In response to Paragraph 2 of Plaintiff's Motion to Compel, Defendant neither admits nor denies the allegations contained therein for the reason that the Scheduling Order (ECF No. 8, PageID.44-50) speaks for itself.

3.      In response to Paragraph 3 of Plaintiff's Motion to Compel, Defendant neither admits nor denies the allegations contained therein for the reason that Exhibit A and Exhibit B speak for themselves.

4.      In response to Paragraph 4 of Plaintiff's Motion to Compel, Defendant neither admits nor denies the allegations contained therein for the reason that Exhibit B speaks for itself.

5.      In response to Paragraph 5 of Plaintiff's Motion to Compel, Defendant neither admits nor denies the allegations contained therein for the reason that Exhibit B speaks for itself.

6.      In response to Paragraph 6 of Plaintiff's Motion to Compel, Defendant neither admits nor denies the allegations contained therein for the reason that Exhibit B speaks for itself.

7. In response to Paragraph 7 of Plaintiff's Motion to Compel, Defendant neither admits nor denies the allegations contained therein for the reason that Exhibit B speaks for itself.

8. In response to Paragraph 8 of Plaintiff's Motion to Compel, Defendant neither admits nor denies the allegations contained therein for the reason that Defendant is without knowledge or information sufficient to form a belief as to the truth thereof and therefore, leaves Plaintiff to her proofs.

9. In response to Paragraph 9 of Plaintiff's Motion to Compel, Defendant neither admits nor denies the allegations contained therein for the reason that Exhibit B speaks for itself.

10. In response to Paragraph 10 of Plaintiff's Motion to Compel, Defendant neither admits nor denies the allegations contained therein for the reason that Exhibit B speaks for itself.

11. In response to Paragraph 11 of Plaintiff's Motion to Compel, Defendant neither admits nor denies the allegations contained therein for the reason that Exhibit B speaks for itself.

12. In response to Paragraph 12 of Plaintiff's Motion to Compel, Defendant neither admits nor denies the allegations contained therein for the reason that Exhibit B speaks for itself.

13.     In response to Paragraph 13 of Plaintiff's Motion to Compel, Defendant neither admits nor denies the allegations contained therein for the reason that Exhibit B speaks for itself.

14.     In response to Paragraph 14 of Plaintiff's Motion to Compel, Defendant neither admits nor denies the allegations contained therein for the reason that Exhibit B speaks for itself. Answering further, good cause exists to prevent Plaintiff from deposing Defendant's Corporate Representative until after completion of Plaintiff's deposition.

15.     In response to Paragraph 15 of Plaintiff's Motion to Compel, Defendant neither admits nor denies the allegations contained therein for the reason that Exhibit B speaks for itself. Answering further, good cause exists to prevent Plaintiff from deposing Defendant's Corporate Representative until after completion of Plaintiff's deposition.

16.     In response to Paragraph 16 of Plaintiff's Motion to Compel, Defendant neither admits nor denies the allegations contained therein for the reason that Exhibit B speaks for itself. Answering further, good cause exists to prevent Plaintiff from deposing Defendant's Corporate Representative until after completion of Plaintiff's deposition.

17.     In response to Paragraph 17 of Plaintiff's Motion to Compel, Defendant states that Plaintiff's Motion to Compel must be denied for the reasons discussed in

Defendant's supporting brief and for the reasons discussed in Defendant's pending Motion for Protective Order Preventing Plaintiff from Deposing Defendant's Corporate Representative Until After Competition of Plaintiff's Deposition (ECF No. 9, PageID.51-99).

WHEREFORE, for the reasons stated in the attached brief, Defendant respectfully requests that this Honorable Court: (1) deny Plaintiff's Motion to Compel (ECF No. 11, PageID.101-131); and (2) grant Defendant's Motion for Protective Order Preventing Plaintiff from Deposing Defendant's Corporate Representative Until After Competition of Plaintiff's Deposition (ECF No. 9, PageID.51-99).

            STARR, BUTLER & STONER, PLLC

            By: /s/ Zachary S. Jugan
                Joseph A. Starr (P47253)
                Zachary S. Jugan (P80944)
                Attorneys for Defendant
                20700 Civic Center Dr., Ste. 290
                Southfield, MI 48076
                (248) 554-2700
                jstarr@starrbutler.com
                zjugan@starrbutler.com

Dated: August 20, 2024

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

LAQUINTA HIGHTOWER-MATHIS,

      Plaintiff,                          Case No. 23-cv-13310

v                                        Hon. Sean F. Cox

NEXTCARE MICHIGAN PROVIDERS,
PLLC d/b/a MICHIGAN URGENT CARE,

      Defendant.

| CARLA D. AIKENS, P.L.C. | STARR, BUTLER & STONER, PLLC |
|---|---|
| Carla D. Aikens (P69530) | Joseph A. Starr (P47253) |
| Attorneys for Plaintiff | Zachary S. Jugan (P80944) |
| 615 Griswold, Ste. 709 | Attorneys for Defendant |
| Detroit, MI 48226 | 20700 Civic Center Dr., Ste. 290 |
| (844) 835-2993 | Southfield, MI 48076 |
| carla@aikenslawfirm.com | (248) 864-4932 |
| rejanae@aikenslawfirm.com | jstarr@starrbutler.com |
| | zjugan@starrbutler.com |

**<u>BRIEF IN SUPPORT OF DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO COMPEL THE DEPOSITION OF DEFENDANT'S CORPORATE DESIGNEE PURSUANT TO RULE 30(b)(6)</u>**

{00125027.DOCX}

## **TABLE OF CONTENTS**

INDEX OF AUTHORITIES ................................................................................... ii

CONCISE STATEMENT OF THE ISSUES PRESENTED ................................. iv

INTRODUCTION ................................................................................................... 1

BACKGROUND ..................................................................................................... 1

LAW AND ARGUMENT ....................................................................................... 4

I.  Good Cause Exists to Prevent Plaintiff from Deposing Defendant's Corporate Representative Until After Completion of Plaintiff's Deposition ..................................................................................................... 4

II. Discovery Sanctions are not Warranted ........................................................ 6

CONCLUSION ........................................................................................................ 8

# **INDEX OF AUTHORITIES**

**Cases:**

*Anderson v. Furst*,
No. 2:17-12676, 2019 WL 2284731, at *7 (E.D. Mich. May 29, 2019)...................7

*Crawford-El v. Britton*,
523 U.S. 574, 598 (1998)..................................................................................4

*Freeland v. Amigo*,
103 F.3d 1271, 1277 (6th Cir. 1997) ........................................................................6

*Harris v. River Rouge Hous. Comm'n,*
No. 11-14030, 2012 WL 12930807, at *3 (E.D. Mich. May 2, 2012) ..................4, 6

*Sexual Sin De Un Adbul Blue v. River Rouge, City of*,
No. 16-CV-10526, 2017 WL 2438789, at *2 (E.D. Mich. June 6, 2017) .................4

*Summer v. Detroit Pub. Sch. Cmty. Dist.*,
No. CV 21-12936, 2022 WL 22257187, at *3 (E.D. Mich. June 30, 2022)..............6

*Volkswagen AG v. Dorling Kindersley Pub., Inc.,*
No. CIV A 05-CV-72654-DT, 2006 WL 2357543, at *2
(E.D. Mich. Aug. 15, 2006) ........................................................................................7

**Statutes:**

42 U.S.C. § 1981 ........................................................................................................2

**Federal Rules:**

Fed. R. Civ. P. 26(c)....................................................................................................5

Fed. R. Civ. P. 26(c)(1)...............................................................................................5

Fed. R. Civ. P. 26(c)(1)(B)-(C)................................................................................5, 7

Fed. R. Civ. P. 26(d) ...................................................................................................4

Fed. R. Civ. P. 26(d)(3) ..................................................................................... 4, 6

Fed. R. Civ. P. 37(a)(4)(A) ..................................................................................... 7

Fed. R. Civ. P. 37(a)(5)(A) ..................................................................................... 7

Fed. R. Civ. P. 37(b) ............................................................................................... 6

Fed. R. Civ. P. 26(d)(3) ..................................................................................... 4, 6

Fed. R. Civ. P. 37(a)(4)(A) ..................................................................................... 7

Fed. R. Civ. P. 37(a)(5)(A) ..................................................................................... 7

Fed. R. Civ. P. 37(b) ............................................................................................... 6

## **CONCISE STATEMENT OF THE ISSUES PRESENTED**

Whether this Court should deny Plaintiff's Motion to Compel where good cause exists to prevent Plaintiff from deposing Defendant's Corporate Representative until after completion of Plaintiff's deposition.

      Defendant Answers:    Yes.

      Plaintiff Answers:    No.

# INTRODUCTION

Defendant asks this Court to deny Plaintiff's Motion to Compel and to enter a Protective Order preventing Plaintiff from deposing Defendant's Corporate Representative until after completion of Plaintiff's deposition.

Good cause exists to deny Plaintiff's Motion to Compel because Plaintiff's bare bones Complaint fails to provide Defendant with sufficient information to meaningfully prepare its Corporate Representative for his/her deposition prior to Plaintiff's deposition. Defendant did not participate in Plaintiff's EEOC proceeding and without Plaintiff's deposition testimony, Defendant is currently unaware of the full extent of Plaintiff's claims and will be severely prejudiced if Plaintiff is allowed to depose Defendant's witness before Plaintiff testifies in support of her claims. Allowing Defendant the opportunity to depose Plaintiff first is fair and reasonable and will not delay Plaintiff's discovery. Defendant has not violated any Court Order and sanctions are not warranted.

# BACKGROUND

Defendant employed Plaintiff as a Receptionist from approximately November 2021 to July 2022. (Plaintiff's Complaint; ECF No. 1, PageID.1-11, ¶¶ 8, 30). Defendant terminated Plaintiff's employment for violation of company policy after she harassed a patient (**Ex. A**, Defendant's Interrogatory Answers).

{00125027.DOCX}

Plaintiff alleges that, on or about July 5, 2022, she spoke with police officers "Officer Duncan" and "Sgt Mark" at Defendant's facility. (ECF No. 1, PageID.1-11, ¶¶ 15-25). "Sgt Mark…falsely stated that when he walked into the urgent care, he was asked questions such as 'how many people will [sic] kill today after you leave here?' and 'why are you walking in here with your get up on?'" (*Id*. at ¶31). Plaintiff denies making these statements. (*Id*. at ¶32). Plaintiff believes she was "terminated on the basis of her race, as Defendant automatically took the side of the officer in question and did no investigation to determine whether she had actually violated any policy of Defendant that deserved termination." (*Id*. at ¶34). Plaintiff's Complaint provides **no specific detail** regarding why she believes that Defendant terminated her employment because of her race and/or gender.

On or about December 29, 2023, Plaintiff filed a Complaint alleging that Defendant discriminated against her and subjected to harassment because of her sex/gender and race in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), the Michigan Elliott-Larsen Civil Rights Act ("ELCRA"), and 42 U.S.C. § 1981. (ECF No. 1, PageID.1-11). Plaintiff alleges generally that, "upon information and belief, other non-African-American employees have engaged in more serious conduct and were not terminated" and that "at least two other African-American women were terminated at approximately the same time as Plaintiff, whereas Plaintiff, is not aware of non-African American women being terminated" without

specifying the basis of her claims. (*Id*. at ¶¶35, 37). Plaintiff's Complaint similarly fails to specify the basis of her harassment claims. (ECF No. 1, PageID.1-11).

Furthermore, Defendant did not participate in Plaintiff's EEOC proceeding as it was unaware of Plaintiff's Charge of Discrimination. Defendant did not file a Position Statement and the EEOC issued a Dismissal and Notice of Rights to Plaintiff without speaking with Defendant. (**Ex. B**, EEOC Activity Log).

Plaintiff noticed Defendant's Corporate Representative's deposition for August 7, 2024. (**Ex. C**, Deposition Notices). Plaintiff's deposition is currently scheduled for September 13, 2024. (*Id*.). Defendant's counsel advised Plaintiff's counsel that Defendant will produce its Corporate Representative for deposition after Defendant has the opportunity to take Plaintiff's deposition as Defendant does not have sufficient information to meaningfully prepare Defendant's Corporate Representative for his/her deposition. (**Ex. D**, Emails). Defendant's counsel offered to produce Defendant's Corporate Representative for deposition on September 19th, 20th, 24th, 25th, 26th, or 27th. (*Id*.). However, Plaintiff refuses to reschedule Defendant's Corporate Representative's deposition because Plaintiff noticed the deposition first. (*Id*.).

On August 5, 2024, Defendant filed a Motion for Protective Order Preventing Plaintiff from Deposing Defendant's Corporate Representative Until After

Competition of Plaintiff's Deposition (ECF No. 9, PageID.51-99). Plaintiff filed the instant Motion to Compel on August 6, 2024. (ECF No. 11, PageID.101-131).

## LAW AND ARGUMENT

**I.     Good Cause Exists to Prevent Plaintiff from Deposing Defendant's Corporate Representative Until After Completion of Plaintiff's Deposition.**

The Federal Rules of Civil Procedure do not permit one party to make unilateral decisions regarding the timing and sequence of depositions during the discovery phase of civil litigation. *Sexual Sin De Un Adbul Blue v. River Rouge, City of*, No. 16-CV-10526, 2017 WL 2438789, at *2 (E.D. Mich. June 6, 2017) (unpublished cases attached as **Ex. E**). Federal Rule of Civil Procedure 26(d) provides that "[u]nless ... the court orders otherwise for the parties' and witnesses' convenience and in the interests of justice: (A) methods of discovery may be used in any sequence; and (B) discovery by one party does not require any other party to delay its discovery." Fed. R. Civ. P. 26(d)(3). "Therefore, under the Federal Rules there is no rule of discovery priority." *Harris v. River Rouge Hous. Comm'n,* No. 11-14030, 2012 WL 12930807, at *3 (E.D. Mich. May 2, 2012) (citations and internal quotation marks omitted). "Rule 26 vests the trial judge with broad discretion to tailor discovery narrowly and to dictate the sequence of discovery." *Crawford-El v. Britton*, 523 U.S. 574, 598 (1998). If a party objects to the sequence and timing of any properly noticed depositions, then that party must seek a protective order

pursuant to Federal Rule of Civil Procedure 26(c) asking that said depositions be prohibited or stayed until after other discovery has been presented based upon a showing of good cause. Fed. R. Civ. P. 26(c).

Fed. R. Civ. P. 26(c)(1) provides in relevant part that, "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following: (B) specifying terms, including time and place or the allocation of expenses, for the disclosure or discovery; (C) prescribing a discovery method other than the one selected by the party seeking discovery.

Here, good cause exists to prevent Plaintiff from deposing Defendant's Corporate Representative until *after* completion of Plaintiff's deposition. Fed. R. Civ. P. 26(c)(1)(B)-(C). Plaintiff's generalized Complaint fails to provide Defendant with sufficient information to meaningfully prepare its Corporate Representative for his/her deposition prior to Plaintiff's deposition. Without Plaintiff's deposition testimony, Defendant is currently unaware of the full extent of Plaintiff's claims and will be severely prejudiced if Plaintiff is allowed to depose Defendant's witness before Plaintiff testifies in support of her claims. As noted above, Defendant did not participate in Plaintiff's EEOC proceeding and the EEOC issued a Dismissal and Notice of Rights to Plaintiff without ever speaking with Defendant. (Ex. B). Allowing Defendant the opportunity to depose Plaintiff first is fair and reasonable.

*See: Summer v. Detroit Pub. Sch. Cmty. Dist.*, No. CV 21-12936, 2022 WL 22257187, at *3 (E.D. Mich. June 30, 2022) (Defendants ask that [Plaintiff] be deposed before any other Defendant or non-party witness, except for any two of the previously noticed non-party witnesses…The Defendants' proposed sequence and manner of taking the depositions is fair and reasonable); *See also*: *Harris v. River Rouge Hous. Comm'n*, No. 11-14030, 2012 WL 12930807, at *3 (E.D. Mich. May 2, 2012) (the deposition of Plaintiff and Mr. Sloan should be taken on consecutive dates with Plaintiff going first and then the remaining five depositions that Plaintiff wishes to take within one week thereafter).

Furthermore, allowing Defendant to depose Plaintiff before Defendant's witness is deposed will not delay Plaintiff's discovery. Fed. R. Civ. P. 26(d)(3). As noted above, Defendant provided Plaintiff with six (6) available deposition dates for the week after Plaintiff's September 13th deposition. (Ex. D).

## II. Discovery Sanctions Are Not Warranted.

Plaintiff fails to establish a legitimate basis for the Court to impose sanctions on Defendant. Plaintiff's reliance on Fed. R. Civ. P. 37(b) is inapplicable because Defendant has not failed to comply with a Court Order. Plaintiff's reliance on *Freeland v. Amigo*, 103 F.3d 1271, 1277 (6th Cir. 1997) is similarly misplaced as that case considered whether dismissal was appropriate for failure to comply with

the Court's Pretrial Order. Plaintiff also cites to Fed. R. Civ. P. 37(a)(4)(A), which is not an applicable court rule.

Notably, Fed. R. Civ. P. 37(a)(5)(A) provides in relevant part that fees/expenses are not warranted where: (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust. Here, Defendant's objection to producing its Corporate Representative for deposition prior to Plaintiff's deposition is substantially justified because, as established above, good cause exists to prevent Plaintiff from deposing Defendant's Corporate Representative until *after* completion of Plaintiff's deposition. Fed. R. Civ. P. 26(c)(1)(B)-(C). Defendant properly moved for a Protective Order and an award of expenses is unjust. *See: Anderson v. Furst*, No. 2:17-12676, 2019 WL 2284731, at *7 (E.D. Mich. May 29, 2019) (sanctions not warranted because the parties were entitled to a ruling on a motion for protective order); *See also: Volkswagen AG v. Dorling Kindersley Pub., Inc.,* No. CIV A 05-CV-72654-DT, 2006 WL 2357543, at *2 (E.D. Mich. Aug. 15, 2006) (sanctions not warranted where Defendant unilaterally decided to block Plaintiffs' ability to depose Defendant's witnesses *and failed to seek a protective order as required*) (emphasis added). As such, there is no evidence of bad faith and sanctions are not warranted.

## CONCLUSION

WHEREFORE, Defendant respectfully requests that this Honorable Court: (1) deny Plaintiff's Motion to Compel (ECF No. 11, PageID.101-131); and (2) grant Defendant's Motion for Protective Order Preventing Plaintiff from Deposing Defendant's Corporate Representative Until After Competition of Plaintiff's Deposition (ECF No. 9, PageID.51-99).

STARR, BUTLER & STONER, PLLC

By:  /s/ Zachary S. Jugan  
Joseph A. Starr (P47253)  
Zachary S. Jugan (P80944)  
Attorneys for Defendant  
20700 Civic Center Dr., Ste. 290  
Southfield, MI 48076  
(248) 554-2700  
jstarr@starrbutler.com  
zjugan@starrbutler.com  

Dated: August 20, 2024

### CERTIFICATE OF SERVICE

The undersigned says that on August 20, 2024, she has caused to be served a copy of **Defendant's Response to Plaintiff's Motion to Compel the Deposition of Defendant's Corporate Designee Pursuant to Rule 30(b)(6) and this Certificate of Service** via the Court's electronic filing system upon all attorneys of record.

I declare that the above statements are true and correct to the best of my knowledge, information and belief.

/s/ Kiersten Plane