# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN

LAQUINTA HIGHTOWER-MATHIS,

    Plaintiff,                                   Case No. 23-cv-13310

v                                                            Hon. Sean F. Cox

NEXTCARE MICHIGAN PROVIDERS,
PLLC d/b/a MICHIGAN URGENT CARE,

    Defendant.

| CARLA D. AIKENS, P.L.C. | STARR, BUTLER & STONER, PLLC |
|---|---|
| Carla D. Aikens (P69530) | Joseph A. Starr (P47253) |
| Rejanaé Thurman (P85701) | Zachary S. Jugan (P80944) |
| Attorneys for Plaintiff | Attorneys for Defendant |
| 615 Griswold, Ste. 709 | 20700 Civic Center Dr., Ste. 290 |
| Detroit, MI 48226 | Southfield, MI 48076 |
| (844) 835-2993 | (248) 864-4932 |
| carla@aikenslawfirm.com | jstarr@starrbutler.com |
| rejanae@aikenslawfirm.com | zjugan@starrbutler.com |

**PLAINTIFF'S REPLY TO DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO COMPEL THE DEPOSITION OF DEFENDANT'S CORPORATE REPRESENTATIVE PURSUANT TO RULE 30(b)(6)**

    **I.**     **Defendant's Allegations Regarding the Sufficiency of Plaintiff's Complaint Are Without Merit**

Defendant's assertion that Plaintiff's complaint is too vague to prepare its corporate representative is unfounded. Defendant did not previously challenge the sufficiency of Plaintiff's complaint, nor did it file a motion to dismiss for failure to

state a claim under Rule 12(b)(6). Defendant's complaint that it lacks sufficient information to prepare for a deposition now, after months of scheduling discussions, is disingenuous. If Defendant truly believed that Plaintiff's complaint was too vague, it should have raised this issue at the outset of the litigation, not after months of back-and-forth conversations about deposition dates. Defendant's failure to previously object indicates that it has understood the nature of the claims and is now raising this issue solely as a tactic to delay discovery.

## II. Plaintiff Provided a Detailed Notice of Deposition Topics

Plaintiff provided Defendant with a detailed notice of deposition topics for the corporate representative, which is more than sufficient to allow Defendant to prepare its representative. When Plaintiff sent the notice for the corporate representative deposition on March 5, 2024, Defendant did not object, nor did it claim an inability to prepare a witness for the deposition. Instead, Defendant engaged in discussions with Plaintiff for four months to set a mutually agreeable date for the deposition. This conduct demonstrates that Defendant had ample notice and was fully capable of preparing its corporate representative for the deposition. Defendant's current argument that it lacks sufficient information to prepare its representative is contradicted by its own actions over the past several months.

## III. There Is No Good Cause to Prevent Plaintiff from Deposing Defendant's Corporate Representative Before Plaintiff's Deposition

Defendant has not shown good cause to prevent Plaintiff from deposing Defendant's corporate representative before Plaintiff's deposition. Plaintiff's claims of discrimination and harassment on the basis of race and gender are straightforward. The general nature of these claims, coupled with the detailed notice provided by Plaintiff, is sufficient for Defendant to prepare a witness. Defendant's attempt to rearrange the order of discovery is unwarranted and serves only to delay the proceedings.

## IV.  Sanctions Are Warranted Due to Defendant's Conduct

Plaintiff respectfully requests that the Court impose sanctions against Defendant. Defendant's conduct necessitated the cancellation of the corporate representative deposition and forced Plaintiff to file this Motion to Compel, incurring additional costs and expenses. Defendant's last-minute refusal to produce its corporate representative for deposition, after months of back and forth, without raising any objections to the notice or the sufficiency of the complaint, was unreasonable and not substantially justified. Under Rule 37 of the Federal Rules of Civil Procedure, sanctions are appropriate when a party's actions cause undue delay and unnecessary expense in the discovery process. Plaintiff should not bear the costs associated with Defendant's dilatory tactics. Therefore, Plaintiff requests that the Court order Defendant to reimburse Plaintiff for all reasonable costs and fees

incurred in connection with the canceled deposition and the filing of this Motion to Compel.

## **CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests that the Court 1) Grant Plaintiff's Motion to Compel the Deposition of Defendant's Corporate Representative Pursuant to Rule 30(b)(6); 2) Award Plaintiff Sanctions; and 3) Grant Plaintiff any other relief, including costs, that the Court deems equitable and just.

Dated: August 27, 2024　　　　　　　　　　Respectfully Submitted,

　　　　　　　　　　　　　　　　　　　　 /s/Rejanae Thurman
　　　　　　　　　　　　　　　　　　　　 Carla D. Aikens, (P69530)
　　　　　　　　　　　　　　　　　　　　 Rejanaé Thurman (P85701)
　　　　　　　　　　　　　　　　　　　　*Attorneys for Plaintiff*
　　　　　　　　　　　　　　　　　　　　 615 Griswold, Suite 709
　　　　　　　　　　　　　　　　　　　　 Detroit, MI 48226
　　　　　　　　　　　　　　　　　　　　 Phone: 844-835-2993
　　　　　　　　　　　　　　　　　　　　 Fax: 877-454-1680
　　　　　　　　　　　　　　　　　　　　 Email: carla@aikenslawfirm.com
　　　　　　　　　　　　　　　　　　　　　　　　 rejanae@aikenslawfirm.com

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document has been served upon all opposing parties, or their attorney of record, via email correspondence on August 27, 2024.

　　　　　　　　　　　　　　　　　　　　*/s/Katarzyna Nowicki*
　　　　　　　　　　　　　　　　　　　　Katarzyna Nowicki
　　　　　　　　　　　　　　　　　　　　CARLA D. AIKENS, P.L.C.